808 F.2d 64
 257 U.S.App.D.C. 169
 LO SHIPPERS ACTION COMMITTEE, Petitioner,
v.
INTERSTATE COMMERCE COMMISSION and United States of America,
Respondents,
Burlington Northern Railroad Company, Association of
American Railroads, Intervenors.
 No. 86-1037.
 United States Court of Appeals,
District of Columbia Circuit.
 Nov. 7, 1986.
 
 Before WALD, Chief Judge, and EDWARDS and STARR, Circuit judges.
 ORDER
 PER CURIAM.
 
 
 1
 On consideration of respondent's and intervenor's motions to dismiss, and the opposition thereto, it is
 
 
 2
 ORDERED by the court for the reasons set forth in the accompanying memorandum that the motions to dismiss be granted. It is
 
 
 3
 FURTHER ORDERED that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See Local Rule 14.
 
 MEMORANDUM
 
 4
 Petitioner Lo Shippers Action Committee (LOSAC) has petitioned for review of an order of the Interstate Commerce Commission (Commission) cancelling a tariff filed by the Burlington Northern Railroad (BN). The Commission, and the BN as intervenor, have both moved this court to dismiss the petition, contending that LOSAC lacks standing to challenge the Commission's action in this case. We agree and dismiss the petition for review.
 
 
 5
 At issue here are allowance fees paid by BN to shippers whose covered hopper cars BN utilizes to transport grain and grain products on the BN system.
 
 
 6
 On December 12, 1984, BN filed a tariff which reduced to ten cents per loaded mile the allowance it would pay to shippers for shipments of grain or grain products in privately owned covered hopper cars. LOSAC protested this tariff at the Commission. Following an investigation, the Commission ordered BN to cancel the tariff and pay reparations on the difference between the ten cent per mile allowance and the previous allowance of fifteen and eighteen cents per mile for grain and grain products, respectively.
 
 
 7
 Despite its success in securing the cancellation of the challenged tariff and the payment of reparations, LOSAC has petitioned for review of the Commission's order.
 
 
 8
 LOSAC contends that by in effect reinstating the pre-existing allowance fees, the Commission has refused to require BN to pay allowances in conformity with the "cost of ownership" car compensation standard in 49 U.S.C. Sec. 11122(b). LOSAC argues here, as it did before the Commission, that 49 U.S.C. Sec. 11122(b) requires that allowances never be less than the cost of owning and maintaining cars supplied by private parties. LOSAC contends that it has been injured by the Commission's failure to prescribe allowance fees higher than the fifteen and eighteen cent fees which were left in effect as a result of the Commission's cancellation of the ten cent per mile tariff.
 
 
 9
 Standing to invoke judicial review requires the party who invokes the court's authority to have suffered a (1) personal injury (2) fairly traceable to the defendant's conduct that is (3) likely to be redressed by the requested relief. California Ass'n of the Physically Handicapped, Inc. v. Federal Communications Comm'n, 778 F.2d 823, 825 (D.C.Cir.1985), citing Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982).
 
 
 10
 Here, LOSAC cannot trace its injury to the Commission's action in this case. LOSAC's injury is that its shipper members are being paid below cost compensation for the railroad's use of their hopper cars. However, these fees are being paid in accordance with tariffs which became effective July 1, 1983. The tariff challenged here became effective on January 1, 1985 and was ultimately cancelled by the Commission's order on November 27, 1985. Clearly then, the injury alleged, which according to LOSAC has been occurring since July 1, 1983, was not caused by the Commission's action in this case, which took place over two years later. Rather, LOSAC's complaint is that the challenged action did not go far enough in abating a pre-existing injury. This will not suffice to confer standing. California Ass'n of the Physically Handicapped, Inc. v. Federal Communications Comm'n, supra, 778 F.2d at 825. LOSAC's injury occurred before, existed at the time of, and has continued after the challenged Commission action. LOSAC, "therefore, cannot tenably trace the asserted injury" to the Commission's action in this case. Id. at 827.
 
 
 11
 In addition, having secured the cancellation of the 1985 tariff, LOSAC's real complaint to this court concerns tariffs that became effective in 1983. As far as the record shows, LOSAC protested those tariffs to a suspension board of the Commission. Presumably, the Board refused to either investigate or suspend the tariffs. It is clear that a Commission decision declining to commence an investigation pursuant to 49 U.S.C. Sec. 10707 is not subject to judicial review. Southern Ry. Co. v. Seaboard Allied Milling Corp., 442 U.S. 444, 99 S.Ct. 2388, 60 L.Ed.2d 1017 (1979). LOSAC cannot use this case as a vehicle to secure judicial review of a nonreviewable Commission decision.
 
 
 12
 Further, the "cost of ownership" question that LOSAC seeks to litigate here is currently before the Commission in what has been described as an "industry-wide" proceeding. We will not pre-empt an appropriate administrative determination on that issue by deciding this case.
 
 
 13
 Accordingly, having concluded that LOSAC lacks standing to petition for review of the Commissions's order in this case, the petition is dismissed.